UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DOLPHIN ENTERTAINMENT, INC., | Case No. 2:24-cv-04949-SB-PVC |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION |
| NSL VENTURES, LLC et al., | |
| Defendants. | |

Plaintiff Dolphin Entertainment, Inc. filed this action alleging only state law claims and invoking diversity as the sole basis for federal jurisdiction. Dkt. No. 1. The complaint makes no express representations as to the citizenship of any party, and while it includes information that is relevant to the citizenship of some parties, it also names as defendants two limited liability companies, with no information about their members or the citizenship of those members (or any members thereof). *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "an LLC is a citizen of every state of which its owners/members are citizens").

This Court has a duty to assess whether federal subject matter jurisdiction exists and may consider the issue sua sponte. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case"). Accordingly, Plaintiff is ORDERED to show cause, in writing, by no later than June 21, 2024, why the Court has jurisdiction over this case. Plaintiff's response must identify the citizenship of all parties, and as to the defendant LLCs must identify all members of the LLCs—tracing through as many layers as necessary—along with all information required to determine their citizenship.

Failure to comply will be deemed consent to dismissal of this action without prejudice for lack of subject-matter jurisdiction.

Date: June 14, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge